NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10135 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00018-DAD-BAM-1 |
| v. | |
| KEVIN NEAL CROWNOVER, AKA Kevin Crownover, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 10, 2023[**]
San Francisco, California

Before:  PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.

Kevin Neal Crownover appeals the district court's denial of his Rule 29 motion for judgment of acquittal. *See* Fed. R. Crim. P. 29. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the denial of a Rule 29 motion for a judgment of acquittal. *United States v. Gagarin*, 950 F.3d 596, 602 (9th Cir. 2020). In deciding a defendant's Rule 29 motion, the district court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). To decide whether the evidence was insufficient, we consider the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

Viewed in the light most favorable to the prosecution, any rational trier of fact could conclude beyond a reasonable doubt that Crownover committed the offense of aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence at trial established that: (1) as treasurer of a local lodge of the International Association of Machinists and Aerospace Workers, Crownover had sole possession of the lodge's checkbook; (2) Crownover and lodge president James Hernandez were the only signatories on the lodge's bank account and protocol required that they both sign each check; (3) the sole signature on check #103, which was made out to Crownover, appeared to include a J and an H; (4) Hernandez did not sign check #103 or any other checks made out to Crownover; (5) Hernandez did not sign any blank checks; and (6)

check #103 was deposited into Crownover's personal account. This evidence was sufficient for any rational trier of fact to conclude, beyond a reasonable doubt, that Crownover knowingly used Hernandez's signature without lawful authority on check #103. *See Gagarin*, 950 F.3d at 602; *United States v. Blixt*, 548 F.3d 882, 887–88 (9th Cir. 2008). Accordingly, we do not address Crownover's argument that the jury should not have been permitted to make handwriting comparisons under the circumstances presented here.

Because we affirm the district court's denial of Crownover's Rule 29 motion, we decline to vacate Crownover's sentence.

**AFFIRMED.**